UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| A.A. by and through her parent and natural guardian, KASHA HARRIS and KASHA HARRIS, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NUMBER: 1:21-cv-203 ) |
| WARSAW COMMUNITY SCHOOL CORPORATION, and WARSAW COMMUNITY HIGH SCHOOL, Defendants. | ) ) ) ) ) ) |

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiffs, A. A., by and through her parent and natural guardian, Kasha Harris (Hereinafter "Allen") and Allen, by counsel, and bring this action against Defendant, Warsaw Community School Corporation In support thereof, Plaintiffs allege and state as follows:

PARTIES

1. Plaintiff, A.A., is a junior at the Warsaw Community High School in Kosciusko County, State of Indiana and Kasha Harris ("Harris") is her mother and natural guardian, as well as a Plaintiff in this lawsuit.

2. Defendant, Warsaw Community School Corporation, (hereinafter "Warsaw Community Schools" or "Defendant") operates Warsaw Community High School and conducts business within Northern District of Indiana.

3. At all times referenced herein, Warsaw Community High School was and is part of the Warsaw Community School Corporation ("Warsaw Community Schools").

## JURISDICTION AND VENUE

4. This action arises under the Fourteenth Amendment of the United States Constitution; 42 U.S.C. § 1983; and Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. § 2000d, *et. seq*.

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because matters in controversy arise under the Constitution and laws of the United States.

6. This Court has personal jurisdiction over Defendant because Defendant is a public agency of the State of Indiana with its headquarters and activities located in Kosciusko County, Indiana.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because the unlawful practices described herein have been committed in the school district, the student records relevant to those practices are maintained and administered at the offices of the school district, and the Defendant resides in Kosciusko County, Indiana.

## FACTUAL ALLEGATIONS

8. Warsaw Community School Corporation ("Corporation") is comprised of 7,170 students, 430 teachers, and 11 schools.[1]

9. Two percent (2%) of the Corporation's students are black, while black students make up 5% of the out-of-school suspension composition, and 8% of the expulsion rate. African-American/blacks only make up 0.5% of the Corporation's teachers.[2]

---

[1] Projects.propublica.org/miseducation/district/1512420
[2] https://www.washingtonpost.com/graphics/2019/local/education/teacher-diversity/

10. A. A., a minor, by and through her parent and natural guardian Kasha Harris attends the Warsaw Community School Corporation's Warsaw Community High School and utilized its bus service throughout the school year up and until March 16, 20201.

11. A. A. is a black/African American student who has been subjected to various incidents of racism by her bus driver (Laura Brito) throughout the school year.

12. A. A.'s bus driver, a Caucasian female, would at various times would call the Plaintiff a monkey, tell her to go to the back of the bus, and force her to go to the back of the line at the bus stop because of her race.

13. On or about March 16, 2021, A. A.'s mother, Kasha Harris, accompanied A. A. to the bus stop to record the interactions between her daughter and the bus driver.

14. A. A. arrived several minutes early to the bus stop in order to be first in line among the mostly white group of students waiting for the bus.

15. As the school bus came to a stop, the bus driver opened the door and instructed A. A. to go to the back of the line. When asked why, the bus driver stated that she had seen A. A. cut to the front of the line despite witness accounts to the contrary.

16. A. A.'s mother then drove to the school to report the incident to school administrators who banned the A. A. and her brother from the bus, though Plaintiff's brother was later allowed to use the bus due is special needs status.

## COUNT I
## 42 U.S.C. § 1983

17. Plaintiffs incorporates by reference paragraphs one (1) through sixteen (16) as fully set forth herein.

18. Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have a right to equal access to an educational environment free from harassment and discrimination on the basis of race.

19. At all relevant times, Defendant had unconstitutional customs, policies, or practices of (a) failing to appropriately investigate and respond to reports of racial harassment and discrimination, including reports by Plaintiffs; (b) failing to enforce policies prohibiting discrimination and harassment when victims are black or African-American; and (c) failing to adequately train Defendant's administrator's and employees on how to recognize, address, and prevent racial harassment and discrimination against its students.

20. Defendant followed these unconstitutional customs, policies and practices with regard to Plaintiffs.

21. Defendant's unconstitutional customs, policies, and practices constituted disparage treatment of Plaintiffs based on their race, in violation of the Equal Protection Clause.

22. Defendant's customs, policies, and practices for responding to reports of racial harassment and discrimination, including Plaintiffs' reports, were so clearly inadequate that they give rise to a reasonable inference that Defendant consciously acquiesced in the harassment and discrimination.

23. Defendant violated Plaintiffs' right to equal protection of the laws on the basis of Plaintiffs' race by acting with deliberate indifference to Plaintiffs' report of racial harassment and discrimination, as well as to the racially hostile education environment Plaintiffs suffered because of Defendant's failure to take meaningful corrective action. Defendant's deliberate indifference included, without limitation:

    a) Ignoring racially insensitive slurs and comments directed toward A. A. from her bus driver;

    b) Ignoring the disparate treatment of A. A. at the bus stop and on the bus;

    c) Ignoring reports of discrimination brought to the Defendant's attention by Plaintiff Harris, and refusing to take action regarding the same; and

    d) Denying A. A. access to Defendant' school buses, thereby causing financial harm to Plaintiff Harris.

24. Defendant's actions and decisions have deprived Plaintiffs of the privileges and immunity-es secured by the U.S. Constitution and laws, in violation of 42 U.S.C. § 1983.

25. As a direct and proximate result of Defendant's violation of Plaintiffs' equal protection rights under the Fourteenth Amendment, Plaintiffs have suffered and continue to suffer losses of educational opportunities and benefits, along with injuries, transportation costs, damages, and losses, including emotional distress, fear, anxiety and trauma; lost future earnings and earning capacity, and other damages.

26. As a result of Defendant's equal protection violation, Plaintiffs are also entitled to their attorney fees and costs.

## COUNT II
## TITLE VI, 42 U.S.C. § 2000d
## (Race Discrimination)

27. Plaintiffs incorporates by reference paragraphs one (1) through twenty-six (26) as fully set forth herein.

28. 42 U.S.C. § 2000d, commonly referred to as Title VI, and its implementing regulations prohibit discrimination in federally funded schools on the basis of a student's race.

29. Specifically, 42 U.S.C. 21 2000d provides that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

30. Defendant is a recipient of federal funds.

31. Plaintiff, A. A. was subjected to harassment, discrimination, and disparate treatment on the basis of race.

32. Defendant had notice of the racial hostility Plaintiff experienced and failed to take remedial measures to prevent further discrimination, and allowed the discrimination to continue, and in fact further discriminated against Plaintiff by banning her from taking the bus to school.

33. Racial hostility permeated Warsaw Community High School with such severity and pervasiveness as to significantly alter the conditions of Plaintiff's educational environment, thereby denying Plaintiff equal access to the school's resources and opportunities.

34. Defendant, despite actual knowledge and adequate opportunity to learn of the misconduct, failed to act to remedy the harassment, discrimination, and disparate treatment of Plaintiff.

35. As a direct result of Defendant's actions and conduct, Plaintiffs suffered and continue to suffer additional transportation costs, emotional distress, loss of companionship, loss of educational opportunities, and other damages.

36. As a result of Defendant's violation, Plaintiffs are also entitled to their attorney fees and costs.

WHEREFORE, Plaintiffs requests relief as follows:

  A. For an award to Plaintiffs against Defendant for all relief available under 42 U.S.C. § 1983 and 42 U.S.C. § 2000d, et. sec., in amounts to be determined at trial, with interest on such amounts;

  B. For an award of Plaintiffs' compensatory damages in an amount to be determined at trial for mental anguish, severe emotional distress, serious mental injury, injury to reputation, past and future economic loss, deprivations of due process, loss of educational opportunities, loss of future career prospects, and other injuries proximately caused by the wrongful conduct of the Defendant;

  C. For an award of punitive damages in an amount to be determined at trial;

  D. For an award to Plaintiffs of their attorney fees, disbursements, and the costs of this action, and;

  E. For such other and further relief as the Court deems just and equitable.

           Respectfully Submitted,

           HENN HAWORTH CUMMINGS + PAGE

           *s/ Paul J. Cummings*
           Paul J. Cummings

HENN HAWORTH CUMMINGS + PAGE
1634 W. Smith Valley Road – Suite B
Greenwood, IN 46142
Telephone: (371) 885-0041
Facsimile: (888) 308-6503
Email: Paul.Cummings@HHCFirm.com

## **DEMAND FOR JURY TRIAL**

  Plaintiffs, A. A. by her parent and natural guardian, Kasha Harris, and Kasha Harris in her own capacity, by counsel, respectfully request a jury trial for all issues deemed triable.

Respectfully Submitted,

HENN HAWORTH CUMMINGS + PAGE

*s/ Paul J. Cummings*
Paul J. Cummings